**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**MICHAEL JAY BRACKETT,**

    **Petitioner-Defendant,**

                                                  **Civil Action No. 3:11-cv-30**

**v.**                                         **Criminal Action No. 3:08-cr-56-2**
                                                    **(JUDGE BAILEY)**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff.**

**ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION TO PURSUE HIS FIFTH CLAIM
PRO SE [154] AND DIRECTING THE GOVERNMENT TO ANSWER**

Currently pending before the Court is Petitioner Michael Jay Brackett's ("Petitioner") Motion to Pursue His Fifth Claim Pro Se ("Motion"). (Criminal Action No. 3:08-cr-56-2, ECF No. 154 ("Mot.").) In the Report and Recommendation ("R&R") filed on November 15, 2011, the undersigned noted that Petitioner's fifth *pro se* claim, alleging ineffective assistance of counsel at sentencing, presented an apparent conflict of interest because Petitioner's counsel at sentencing is currently representing him for his § 2255 Motion. (Civil Action No. 3:11-cv-30, ECF No. 10 at 29-30; Criminal Action No. 3:08-cr-56-2, ECF No. 152 at 29-30 ("R&R").) Therefore, the undersigned recommended that this claim be severed from the rest of Petitioner's § 2255 Motion. (R&R at 30.) The undersigned also directed Petitioner to notify the Court in writing within fourteen days from being served a copy of the Report and Recommendation as to whether he wished to pursue this claim *pro se* or through other retained counsel. (*Id.*) Petitioner did so in a timely manner by filing this instant Motion with the Court on November 30, 2011. On January 26, 2012, the Honorable John Preston Bailey, Chief United States District Judge, entered an Order adopting the undersigned's

R&R in its entirety and severing Petitioner's fifth *pro se* claim from his other dismissed claims. (Civil Action No. 3:11-cv-30, ECF No. 12; Criminal Action No. 3:08-cr-56-2, ECF No. 158.)

In his instant Motion, Petitioner alleges that he told counsel, B. Craig Manford, Esquire, to return his money before attorney Manford "filed a § 2255 motion without his permission." (Mot. at 4.) Furthermore, he states that he told attorney Manford to withdraw as his counsel "due to the impact of the alleged conflict of interest prior to the imposition of sentence." (*Id.*) Petitioner asks the Court to appoint him counsel or he will be forced to pursue this claim *pro se*. (*Id.*) However, prisoners do not enjoy "a constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987). Therefore, while the Court will **DENY** Petitioner's request for appointed counsel, it will **GRANT** his request to pursue this last claim *pro se*.

Therefore, **IT IS ORDERED THAT:**

1. Petitioner's Motion to Pursue His Fifth Claim Pro Se (Criminal Action No. 3:08-cr-56-2, ECF No. 154) be **GRANTED IN PART** and **DENIED IN PART**; and

2. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings in the United States District Courts, the Government is directed to file an answer to Petitioner's fifth *pro se* claim alleging ineffective assistance of counsel at sentencing **within twenty-eight (28) days** of entry of this Order. The Government's answer shall contain those matters specified in Rule 5 of the Rules Governing § 2255 Proceedings. Petitioner shall have **twenty-eight (28) days** after the date a response is filed to file any reply that he might have. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, no other pleading will be accepted without express order of the Court upon a motion

duly made.

**IT IS SO ORDERED**.

The Clerk is directed to transmit copies of this Order to the *pro se* Petitioner, by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, the United States Attorney for the Northern District of West Virginia both by email and hard copy addressed to Assistant United States Attorney Erin K. Reisenweber, the United States Probation Office for the Northern District of West Virginia, and B. Craig Manford, Esquire.

**DATED:** January 26, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE